**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


TOMMY LEE STONE
ADC #90693                                                          PLAINTIFF


V.                                    5:07CV00019 JLH/JTR


WEST, Mailroom Clerk, Cummins Unit                          DEFENDANT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy

will be furnished to the opposing party. Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Tommy Lee Stone, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendant West deprived him of his First Amendment right to access the courts when she held his legal mail for forty-seven days, causing Plaintiff to miss a deadline in separate federal lawsuit he had pending against the Crawford County Detention Center. *See* docket entry #2. In her Motion to Dismiss and Supporting Brief, Defendant argues that: (1) Plaintiff has failed to state a viable claim for relief; (2) she is entitled to sovereign immunity; and (3) Plaintiff has failed to exhaust his administrative remedies.[1] *See* docket entries #11 and #12. Plaintiff has filed a Response. *See* docket

---

[1]The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's

entry #15.

For the reasons set forth below, the Court recommends that the Motion to Dismiss be granted and that the case be dismissed, without prejudice.

## II. Discussion

### A. Failure to State a Claim

First, Defendant argues that this case should be dismissed, with prejudice, because: "Plaintiff merely asserts that his mail was delayed, but provides no theory of liability in regards to Defendant." *See* docket entry #12, at 3. Defendant is correct that Plaintiff's *pro se* Complaint does not specifically cite to any portion of the U.S. Constitution in support of his claim. However, it is well settled that a *pro se* litigant's pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Smith v. Hundley,* 190 F.3d 852, 855 n.7 (8th Cir. 1999). Thus, as previously explained in the February 13, 2007 Partial Recommended Disposition (docket entry #5), the Court has liberally construed Plaintiff's *pro se* Complaint as raising a violation of his First Amendment right to access the courts. Accordingly, the Court finds Defendant's first argument is without merit.

### B. Sovereign Immunity

Second, Defendant argues that she is entitled to sovereign immunity because Plaintiff has named her in her official capacity only and has requested monetary damages as his only form of relief. *See* docket entries #2 and #12. Defendant is correct that the doctrine of sovereign immunity prohibits a plaintiff from obtaining <u>monetary damages</u> from a state actor named in his or her <u>official</u>

_____

factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

capacity. *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. State of Arkansas*, 127 F.3d 750, 754-55 (8th. Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).[2]

However, the Eighth Circuit has clarified that a *pro se* plaintiff can be given the opportunity to amend his or her pleadings to correct such a technical error. *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006); *Nix v. Norman*, 879 F.2d 429, n.3 (8th Cir. 1989). In this case, there is no need to give Plaintiff such an opportunity because, as will be explained below, the case should be dismissed based on Plaintiff's failure to exhaust his administrative remedies.

## C. Exhaustion

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) fully[3] exhaust their administrative remedies as to each claim and defendant mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *See Abdul-Muhammad v. Kempker*, 450

---

[2] In contrast, sovereign immunity does not bar a plaintiff from obtaining: (1) monetary damages against a state actor named in his or her individual capacity; or (2) injunctive relief against a state actor in his or her official capacity. *Id.*

[3] To fully exhaust administrative remedies within the ADC, an inmate must: (1) file an informal resolution; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director. *See* ADC Adm. Dir. 04-01 § IV(E) through (G) (February 1, 2004).

F.3d 350, 352 (8th Cir. 2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). However, the Eighth Circuit has held in numerous cases that a lack of proper exhaustion will be excused if the prisoner demonstrates that the defendants hindered his efforts to complete exhaustion. *Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003); *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

In this case, Plaintiff concedes that he did not fully exhaust his administrative remedies. *See* docket entries #2, attachment, and docket entry #15. However, he asserts that he was unable to do so because Sergeant McConnell, who was the designated problem solver for his unit, refused to sign his informal resolution; thereby preventing Plaintiff from proceeding through the remaining steps of the ADC's grievance process. *Id.*

The ADC grievance procedure provides that prisoners "are required to <u>attempt</u> informal resolution of problems/complaints prior to filing a grievance" by submitting an informal resolution that is signed by the designated problem solver. *See* ADC Admin. Dir. 04-01 § IV(E) (February 1, 2004) (emphasis added). However, the ADC grievance procedure further provides that an inmate may forgo the informal resolution process, and file a grievance if he or she does not receive a response from the problem solver within three days. *Id.* at § IV(E)(8).

Plaintiff has failed to come forward with <u>any</u> evidence demonstrating that he attempted to file a grievance after Sergeant McConnell allegedly refused to sign his informal resolution.[4] Instead,

---

[4] Specifically, Plaintiff could have: (1) filed a Grievance about Defendant West's alleged interference with his mail; (2) explained therein that he did not complete the informal resolution step because Sergeant McConnell refused to sign his informal resolution Form; and (3) attached a copy of the unsigned informal resolution (which he was able to provide to the Court). *See* docket entries #2, attachment, and #15, attachment. Alternatively, Plaintiff could have filed a grievance separately

he merely asserts that he sent the informal resolution to Warden Lay, rather than complying with the ADC's grievance procedure.

Thus, the Court recommends that the case be dismissed, without prejudice, because Plaintiff did not exhaust his administrative remedies and has failed to demonstrate that Defendants thwarted his efforts to do so. *See Maddix v. Crawford*, Case No. 05-4119, 2007 WL 465518 (8th Cir. Feb. 14, 2007) (unpublished opinion) (affirming the dismissal, without prejudice, of a § 1983 action where the inmate failed to demonstrate that defendants thwarted his attempts at exhaustion); *Sergent v. Norris*, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (same).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant's Motion to Dismiss (docket entry #11) be GRANTED, and this case DISMISSED, WITHOUT PREJUDICE, based on Plaintiff's failure to exhaust his administrative remedies.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 10th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

raising Sergeant McConnell's alleged refusal to sign his informal resolution.